# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALPINE GLASS, INC., | Civil No. 12-2867 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REMAND** |
| STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendants. | |

Brian F. Murn and Rachael J. Abrahamson, **LIVGARD & LLOYD PLLP**, 2520 University Southeast, Suite 202, Minneapolis, MN  55414, for plaintiff.

Kathleen M. Ghreichi, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN  55402, for defendants.

Plaintiff, Alpine Glass, Inc. ("Alpine Glass"), an auto glass repairer, brought this declaratory judgment action in Minnesota state court against defendants, State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company (collectively, "State Farm").  Alpine Glass sought an order consolidating 140[1] claims

---

[1]   Alpine Glass initially sought consolidation of 148 claims.  The parties have since stipulated that eight claims be removed from the current action.  (*See* Stipulation, Apr. 4, 2013, Docket No. 21.)  United States Magistrate Judge Leo Brisbois adopted the stipulation and dismissed the claims.  (Order, Apr. 24, 2013, Docket No. 22.)  Accordingly, this Order addresses only the remaining 140 claims.  Because the Stipulation is not a model of clarity, the Court briefly addresses its interpretation of the Stipulation's scope.  The Stipulation states that it seeks

(Footnote continued on next page.)

against State Farm for purposes of mandatory arbitration under Minnesota's No-Fault

Act.  State Farm removed the action to federal court, based on diversity jurisdiction under

28 U.S.C. § 1332, relying on the total value of the 140 claims – over $103,000 – to

satisfy the jurisdictional amount in controversy requirement.

Alpine Glass now brings a motion for remand, arguing that the Court lacks

jurisdiction because the complaint does not allege $75,000 in controversy.  Because the

value of the 140 claims can be aggregated to satisfy the jurisdictional amount in

controversy requirement, the Court will deny the motion for remand.

_____

(Footnote continued.)

dismissal of a claim for policy holder "Suiter, Dale" in the amount of $183.89.  A "Suiter, Pat/Bunny" is listed in the original complaint for a claim in the amount of $183.89.  (Compl., Ex. A at 11.)  The Court will assume that the "Suiter, Pat/Bunny" claim is the one the parties intended to dismiss pursuant to the stipulation.  The Stipulation also seeks dismissal of a claim for policy holder "Olson, Amy" in the amount of $409.91.  The original complaint lists a claim for an "Olson" in the amount of $459.91.  (*Id.*, Ex. A at 9.)  Although the value of the claims does not match, as no other Olson appears in the original complaint, the Court will assume the "Olson" claim in the complaint is the "Olson, Amy" claim intended to be dismissed pursuant to the Stipulation.  Finally, the Stipulation seeks dismissal of a claim for "Pautz, Gerald" in the amount of $1,764.95.  The original complaint lists a claim for "Pautz" in the amount of $524.73. (*Id.*)  Again, although the values of the claims do not correspond, the Court will assume that the Stipulation intended to dismiss the "Pautz" claim listed in the original complaint.  The precise value of the claims dismissed pursuant to the stipulation and the Magistrate Judge's order does not affect the Court's analysis.

# BACKGROUND

## I.    UNDERLYING INSURANCE CLAIMS

Alpine Glass is an auto glass repairer.  (Compl., Nov. 13, 2012, Docket No. 1 at Attachment 1.)  State Farm provides automobile insurance to the Alpine Glass customers involved in this matter ("the insureds"), including coverage for broken or damaged auto glass.  (*Id.* ¶¶ 3, 14.)

During the time period in question, Alpine Glass performed auto glass repairs for the insureds.  The insureds then allegedly assigned their individual claims to Alpine Glass.  (*Id.* ¶ 5.)[2]  Alpine Glass, as the assignee of the insureds, billed State Farm for those repairs based upon a formula/percentage of the National Automobile Glass Specifications ("NAGS") List Price.  (*Id.* ¶¶ 5-6.)  The NAGS is a publication used by auto glass providers and insurance companies "as a starting point when pricing repairs." *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, Civ. No. 09-3492, 2010 WL 4386896, at *1 n.1 (D. Minn. Oct. 28, 2010).  "NAGS provides part numbers, list prices, and standard labor rates for the installation of more than 10,000 pieces of auto glass." *Id.*

---

[2] This practice is typical in the auto glass repair industry.  The customer assigns to glass repairer any claim to collect payment for repairs from the customer's insurer.  The auto glass repairer agrees to release the customer from any liability for any amounts not recovered from the insurance company.  Disputes often arise when the insurance company's formula calculates a reimbursement amount that is less than the auto glass provider's calculation – termed a "shortpay" in the industry.  *See Alpine Glass, Inc. v. Country Mut. Ins. Co.*, Civ. No. 09-3492, 2010 WL 4386896, at *1 (D. Minn. Oct. 28, 2010).

Alpine Glass alleges that, during the time period in question, State Farm paid Alpine Glass's auto glass claims based on its own formula for the NAGS List Price, and consequently underpaid Alpine Glass's claims.  (Compl. ¶¶ 7, 9.)  For example, in September 2009, Alpine Glass submitted an invoice to State Farm in the amount of $680.71.  (*Id.*, Ex. A.)  State Farm allegedly paid only $294 on that invoice, and Alpine now claims that $386.58 is due.  (*Id.*)

Alpine Glass's complaint involves 140 of these allegedly underpaid claims.  (*Id.*; *see* Stipulation at 1.)  The total value of the underpayment alleged by Alpine Glass is approximately $103,000.[3]  (Compl. ¶ 11; *see* Stipulation at 1.)  The unpaid amounts of the individual claims range from $127.75 to $2,632.47.  (*Id.*, Ex. A.)

## II.   PROCEDURAL HISTORY

Alpine Glass filed a complaint in Hennepin County District Court on October 24, 2012, seeking consolidation of the 140 individual glass claims into a single arbitration proceeding, pursuant to Minn. Stat. § 65B.525, subd. 1.  (Compl. ¶¶ 14-15.)[4]  On November 13, 2012, State Farm removed the case to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  (Notice of Removal at 2, Nov. 13, 2012,

---

[3]  The complaint alleges that, based upon inclusion of the original 148 claims, $108,678.41 was the amount in controversy.

[4]  Minnesota Statutes, § 65B.525, subd. 1, provides for "the mandatory submission to binding arbitration of" all no-fault automobile insurance claims "where the claim at the commencement of arbitration is in an amount of $10,000 or less against any insured's reparation obligor or no-fault benefits or comprehensive or collision damage coverage."

Docket No. 1.)   State Farm alleged that the amount in controversy is in excess of $75,000.  (*Id.*)

## ANALYSIS

### I.   STANDARD OF REVIEW

This motion for remand challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has the authority to decide the claim.  *See Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008).  A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court.  *See* 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000).  The party seeking removal bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence, *see V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000), and "all doubts about federal jurisdiction must be resolved in favor of remand," *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 911 (8th Cir. 2009).

### II.   AMOUNT IN CONTROVERSY

Under 28 U.S.C. § 1332(a), the Court may exercise jurisdiction over completely diverse parties[5] "where the matter in controversy exceeds the sum or value of $75,000." "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer

---

[5] The parties do not dispute that the requirements for diversity of citizenship are satisfied in this case.

jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (internal quotation marks and alteration omitted).   The Court generally determines whether the amount in controversy has been satisfied based on the record at the time of removal. *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001).

### A.      Aggregation of a Single Plaintiff's Claims

"It is [a] well settled rule that once diversity jurisdiction is properly invoked, a single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount." *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971); *see Snyder v. Harris*, 394 U.S. 332, 335 (1969).   Claims that may be aggregated to satisfy the jurisdictional amount in controversy include claims which have been assigned to the plaintiff. *Tam v. Lo*, 968 F. Supp. 1326, 1328 (N.D. Ill. 1997).[6] Additionally, although "plaintiffs generally cannot aggregate separate and independent claims against multiple defendants to achieve the amount in controversy for diversity jurisdiction where two defendants are jointly liable, the same damages can satisfy the

---

[6] *See also Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005) (allowing a plaintiff to aggregate amounts from 58 separate claims that had been assigned to it, "each of which [wa]s below the jurisdictional amount in controversy" to satisfy the amount in controversy requirement); *Nat'l Recovery Sys. v. Ornstein*, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment, unless the purpose of the assignment was to invoke the jurisdiction of the federal court.").

amount-in-controversy requirement as to both defendants." *Spine Imaging MRI, L.L.C. v. Country Cas. Ins. Co.* (*Spine Imaging II*), Civ. No. 10-480, 2011 WL 379100, at *3 (D. Minn. Feb. 1, 2011) (internal quotation marks omitted); *see Siegerist v. Blaw-Knox Co.*, 414 F.2d 375, 381 (8th Cir. 1969).

Alpine Glass is a single plaintiff, and all of its claims asserted against both State Farm defendants may be aggregated to reach the amount in controversy. Although the 140 claims asserted by Alpine Glass were assigned to it by the insureds, the claims are still properly aggregated for purposes of determining the amount in controversy. *See Spine Imaging MRI, L.L.C. v. Liberty Mut. Ins. Co.* (*Spine Imaging I*), 743 F. Supp. 2d 1034, 1044 (D. Minn. 2010) (exercising diversity jurisdiction where the aggregate of insurance claims assigned to plaintiff exceeded $75,000).[7] Additionally, the Court may aggregate Alpine Glass's claims sought against both State Farm defendants, because Alpine Glass seeks to hold the defendants jointly liable, and "does not distinguish between defendants at all; to the contrary, it characterizes all allegations as collectively taken." *See Spine Imaging II*, 2011 WL 379100, at *3.[8]

---

[7] *See also Deajess Med. Imaging, P.C. v. Allstate Ins. Co.*, 344 F. Supp. 2d 907, 909-10 (S.D.N.Y. 2004) (allowing a plaintiff medical provider to aggregate, for purposes of reaching the amount in controversy, fifty-five claims that were assigned to the plaintiff by patients to collect benefits under no-fault insurance policies, none of which claims exceeds $3,700).

[8] Additionally, this district has consistently exercised subject matter jurisdiction over claims identical to the one brought by Alpine Glass – involving multiple shortpay claims which individually do not meet the amount in controversy, but in the aggregate exceed $75,000. *See, e.g.*, *Alpine Glass, Inc. v. Am. Family Ins. Co.*, Civ. No. 06-4213, 2010 WL 5088188 (D. Minn.

(Footnote continued on next page.)

Furthermore, Alpine Glass ultimately seeks declaratory relief in its complaint.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  Here, the value of the litigation is at least $103,000.  Furthermore, Alpine Glass specifically alleged that "[d]ue to the nature of the auto glass business, the number of short paid invoices is likely to continue to increase as additional claims are submitted to defendants."  (Compl. ¶ 12.)  The fact that Alpine Glass seeks declaratory relief with respect to future invoices provides additional support for the conclusion that the amount in controversy in this matter is greater than $75,000.  *See Spine Imaging I*, 743 F. Supp. 2d at 1042 (finding a complaint for declaratory relief properly alleged the amount in controversy where "[a] reasonable fact finder could conclude that defendants' continued refusal to pay for its insureds' claims will cause [the plaintiff] damage in excess of $75,000").  Therefore, the Court concludes that Alpine Glass's complaint properly alleges the jurisdictional amount in controversy.

### B.    Aggregation of Claims Under Minnesota's No-Fault Act

In support of remand, Alpine Glass argues only that the Court may not aggregate its 140 claims for purposes of satisfying the amount in controversy because Minnesota state courts do not aggregate these types of underpaid auto glass insurance claims for

_____

(Footnote continued.)

Dec. 7, 2010); *Alpine Glass, Inc.*, 2010 WL 4386896; *BuyRite Auto Glass, Inc. v. Ill. Farmers Ins. Co.*, Civ. No. 06-4462, 2010 WL 145277 (D. Minn. Jan. 8, 2010).

purposes of determining whether binding arbitration is required under Minnesota's No-Fault Act.

The Minnesota No-Fault Act provides that arbitration is mandatory to resolve "all cases at issue where the claim at the commencement of arbitration is in an amount of $10,000 or less." Minn. Stat. § 65B.525. In *Illinois Farmers Insurance Co. v. Glass Service Co.*, the Minnesota Supreme Court held that Glass Service, an auto glass repairer, could not aggregate separate underpayment claims for purposes of avoiding mandatory arbitration under the No-Fault Act. 683 N.W.2d 792, 803-04 (Minn. 2004). The court determined that each underpaid invoice was a separate claim, and concluded that "[t]he form, volume, and amount of the assignments does not . . . transform Glass Service's status as an assignee of 5,700 plus individual claims [of less than $10,000] into a claimant with a single claim of over $1 million." *Id.* at 804. Therefore "each" of Glass Service's individual claims was "subject to mandatory arbitration under the No-Fault Act." *Id.*

Alpine Glass's reliance on *Illinois Farmers* is misplaced. Whether claims may be aggregated for purposes of avoiding mandatory arbitration is an entirely separate question from whether claims may be aggregated for purposes of achieving an amount in controversy sufficient to establish federal jurisdiction. "The determination of the value of 'the matter in controversy' under 28 U.S.C. § 1332(a), 'is a federal question to be decided under federal standards.'" *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924 (8th Cir. 1965) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961)). Federal law clearly allows a single plaintiff to aggregate all of its claims, even those

which have been assigned to the plaintiff, to achieve the amount in controversy. Therefore, the Court finds that Alpine Glass's complaint satisfies the requirements for the amount in controversy under Section 1332.

## III.   JURISDICTION OVER CLAIMS SUBJECT TO ARBITRATION

Because the Court has concluded that federal jurisdiction in this matter is proper under 28 U.S.C. § 1332, it must go on to determine whether the Court may exercise subject matter jurisdiction over any aspect of Alpine Glass's claims which are subject to mandatory arbitration under Minnesota law. *See Guzhagin v. State Farm Mut. Auto. Ins. Co.*, 566 F. Supp. 2d 962, 967 (D. Minn. 2008) (finding that the court lacked subject matter jurisdiction over claims that were subject to mandatory arbitration under Minnesota's No-Fault Act).

Courts, both state and federal, lack subject matter jurisdiction over claims that are subject to mandatory arbitration under Minnesota's No-Fault Act. *See Ill. Farmers Ins. Co.*, 638 N.W.2d at 805; *see also LIFE Rehab Servs., Inc. v. Allied Props. & Cas. Ins. Co.*, 2006 WL 91334 (D. Minn. Jan. 6, 2006) ("The [No-Fault Act] thereby deprives district courts of subject matter jurisdiction over insurance disputes involving claims for comprehensive benefits of $10,000 or less.").

But Courts are deprived of subject matter jurisdiction only over questions of fact arising directly from the arbitrable claim. "[N]o-fault arbitrators are limited to deciding questions of fact, leaving the interpretation of law to the courts." *Weaver v. State Farm*

*Ins. Cos.*, 609 N.W.2d 878, 882 (Minn. 2000).[9]   Because no-fault arbitrators are limited to determining questions of fact, courts have jurisdiction to determine legal issues.   For example, courts can exercise jurisdiction to order consolidation of claims for purposes of arbitration under the No-Fault Act.   *See BuyRite Auto Glass, Inc. v. Ill. Farmers Ins. Co.*, Civ. No. 06-4462, 2010 WL 145277, at *1 (D. Minn. Jan. 8, 2010).   Courts can also decide the validity of assignments, the interpretation of an insurance policy, the construction of the No-Fault Act, and other legal issues not directed at the merits of shortpay claims.[10]   In addition to questions of law, courts are ultimately responsible for deciding certain factual issues, such as preconditions to coverage.   *See Costello v. Aetna Cas. & Sur. Co.*, 472 N.W.2d 324, 326 (Minn. 1991).

The parties do not dispute that the 140 claims raised in Alpine Glass's complaint are subject to mandatory arbitration under Minnesota's No-Fault Act because each claim is for less than $10,000.   *See* Minn. Stat. § 65B.525, subd. 1.   That Alpine Glass's claims are subject to mandatory arbitration does not, however, deprive this Court of jurisdiction

---

[9] Although arbitrators are not prevented from deciding issues of law, their decisions are subject to *de novo* review by the courts.   *See Weaver*, 609 N.W.2d at 882; *Gilder v. Auto-Owners Ins. Co.*, 659 N.W.2d 804, 807 (Minn. Ct. App. 2003) (explaining that "when called upon to grant relief, an arbitrator need not refrain from deciding a question simply because it is a legal question," but that decision will be subject to *de novo* review).

[10] *See Alpine Glass, Inc. v. Am. Family Ins. Co.*, Civ. No. 06-4213, 2007 WL 1152931, at *2 (D. Minn. Apr. 18, 2007) (determining validity of assignments); *Alpine Glass, Inc. v. Ill. Farmers Ins. Co.*, Civ. No. 06-1148, 2006 WL 3486996, at *2-3 (D. Minn. Dec. 4, 2006) (dismissing a counterclaim challenging the validity of assignments); *AMCO Ins. Co. v. Ashwood-Ames*, 534 N.W.2d 740, 741 (Minn. Ct. App. 1995) (concluding that a determination of insurance coverage was beyond the scope of the arbitrator's fact-finding authority under the No-Fault Act, and was a question of law for the court).

to decide preliminary legal questions.   In its complaint, Alpine Glass requests

consolidation of arbitration proceedings.  Whether the 140 claims may be consolidated is

a question appropriate for the Court.  *See BuyRite Auto Glass, Inc.*, 2010 WL 145277, at

*1.   Additionally, State Farm has suggested in its answer that the validity of the

assignments and issues of coverage are also involved in this case.  (*See* Answer ¶¶ 20-21,

Nov. 13, 2012, Docket No. 2.)  Therefore, the Court finds that it likely has subject matter

jurisdiction to determine several of the issues raised by the parties, and remand for

arbitration at this time is not appropriate.[11]


## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court [Docket No. 5]

is **DENIED**.


DATED:  June 4, 2013                          s/ John R. Tunheim
at Minneapolis, Minnesota.                   _____
                                             JOHN R. TUNHEIM
                                             United States District Judge

---

[11] "[T]here is no per se requirement under Minnesota's No-Fault Act that courts resolve any legal issues before ordering arbitration."  *Alpine Glass, Inc. v. Ill. Farmers Ins. Co.*, 531 F.3d 679, 683 n.4 (8th Cir. 2008).  However, "where the Court is presented with an issue that it will ultimately be required to decide, and which necessarily impacts whether arbitration is appropriate at all – such as a coverage issue – the Court should resolve the issue before arbitration proceeds."  *Boulay Auto Glass, Inc. v. Ill. Farmers Ins. Co.*, Civ. No. 10-798, 2010 WL 3033732, at *4 (D. Minn. June 28, 2010), *report and recommendation adopted by*, 2010 WL 3033735 (D. Minn. July 26, 2010); *see Costello v. Aetna Cas. & Surety Co.*, 472 N.W.2d 324, 326 (Minn. 1991) ("Where the coverage dispute arises on a motion to compel arbitration or to enjoin arbitration, the court ought to decide the issue in the first instance.").